UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG, | No. 2:15-cv-2604 CKD P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

III. Allegations

Plaintiff alleges that he is a Rastafarian, committed to the religious practice of wearing a head covering ("crown"). (ECF No. 1.) On September 21, 2014, his daughter and a friend came to visit him at California Health Care Facility. Plaintiff's daughter had traveled from out-of-state and not seen plaintiff in many years. Before plaintiff entered the visiting room, defendants Saephan and Gill conducted a clothed body search and told him to remove his crown and shoes. Plaintiff told them that his head covering was required by his faith.

Defendant Rodriguez spoke with plaintiff and concluded that plaintiff could not wear his crown into the visiting room. Rodriguez allegedly remarked that he "never heard" of plaintiff's religion, and "for all I know you made it up." (ECF No. 1 at 11-12.) Plaintiff removed his head covering, showing Rodriguez his hair and the yarmulke he wore underneath, but still was not allowed to wear his crown into the visiting room. None of the defendants indicated that plaintiff's crown posed a security threat. As a result of these events, plaintiff did not meet with his daughter and friend, damaging his relationship with them. Other inmates at CHCF, including Jewish and Muslim prisoners, were allowed to wear religious head coverings per prison policy.

Plaintiff asserts that defendants violated his First Amendment right to free exercise of religion. (ECF No. 1 at 4.) In addition to damages, he seeks injunctive relief enforcing his right to practice his religion and "restraining CHCF officials from denying any further visits with approved visitors." (Id. at 16.)

IV. Analysis

The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). Among the rights prisoners possess is the right to the free exercise of religion, subject to limitations justified by the considerations

3

underlying our penal system.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).

To merit protection under the free exercise clause of the First Amendment, a religious claim must satisfy two criteria. "First, the claimant's proffered belief must be sincerely held." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (citations omitted).  Second, "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." Id. (citations omitted). Determining whether a claim is "rooted in religious belief" requires analyzing whether the plaintiff's claim is related to his sincerely held religious belief.  Id.  (citations omitted).  See Shakur v. Schiriro, 514 F.3d 878, 885 (9th Cir. 2008) (proper focus of free exercise analysis of diet request is whether inmate "sincerely believes eating kosher meat is consistent with his faith.")

Here, plaintiff's allegations implicate the free exercise clause.  His claims may proceed against defendants Rodriguez, Saephan, and Gill.  As to defendant Lewis, her role in the alleged events is not clear from plaintiff's allegations (see ECF No. 1 at 7), and plaintiff has not shown a causal connection between this defendant and any constitutional injury.  However, plaintiff will have an opportunity to amend the complaint.

V. Leave to Amend

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss defendant Lewis with prejudice.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's claims against defendant Lewis are dismissed with leave to amend;

4. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

5. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

6. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: January 7, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / youn2604.1.new