UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2604 CKD P<br><br><br>ORDER |

I. Introduction

　　　Plaintiff, a state prisoner proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on October 26, 2015.  On January 7, 2016, the undersigned granted plaintiff's request to proceed in forma pauperis.  (ECF No. 5.)  In the operative amended complaint, plaintiff alleges that officials at California Health Care Facility violated his First Amendment right to freely exercise his religion when they did not let him wear a religious head covering to the visiting room in September 2014, effectively denying him a family visit.  (ECF No. 9; see also ECF No. 5.)  The court ordered service of the amended complaint on defendants Rodriguez, Lewis, Saephan, and Gill.  (ECF No. 10.)

////

1

1  Before the court is defendants' motion to revoke plaintiff's in forma pauperis status on the
2  ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g).  (ECF No. 15.)
3  Plaintiff has opposed the motion, and defendants have replied.  (ECF Nos. 16 & 17.)

4  II.  <u>Motion to Revoke IFP Status</u>

5  28 U.S.C. § 1915 permits any court of the United States to authorize the commencement
6  and prosecution of any suit without prepayment of fees by a person who submits an affidavit
7  indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

13  28 U.S.C. § 1915(g).

14  In forma pauperis status may be acquired and lost during the course of litigation.
15  <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D. Cal., 1994), <u>vacated on other grounds by</u>
16  <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g))
17  makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma
18  pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination
19  thereof totaling three).  See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999).  28 U.S.C.
20  §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination
21  that each action reviewed (as a potential strike) is carefully evaluated to determine that it was
22  dismissed as frivolous, malicious or for failure to state a claim.  <u>Andrews v. King</u>, 398 F.3d 1113,
23  1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that allows
24  the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed
25  because they were 'frivolous, malicious or fail[ed] to state a claim.'"  <u>Id.</u>, at 1120, quoting
26  § 1915(g).  Once defendants meet their initial burden, it is plaintiff's burden to explain why a
27  prior dismissal should not count as a strike.  <u>Id.</u>  If the plaintiff fails to meet that burden,
28  plaintiff's IFP status should be revoked under § 1915(g).  <u>Id.</u>

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

III. Discussion

Defendants contend that plaintiff's litigation history shows that he has at least three prior strikes. Per defendants' request, the undersigned takes judicial notice of the following cases[1]:

1. Young v. Variz, No. C-07-0334 CRB (PR) (N.D. Cal.), dismissed January 24, 2007 for failure to state a claim under § 1983. (ECF No. 15-2, Defs' Ex. B.) In opposition, plaintiff points out that he could have raised his state law claims in state court, and argues that he did not bring frivolous claims but "simply filed, ignorantly, in the wrong court." (ECF No. 16 at 4.) The undersigned concludes that this dismissal constitutes a "strike" under § 1915(g).

2. Young v. Cox, No. CV 13-4501 UA (AN) (C.D. Cal.), dismissed July 9, 2013 on the grounds of "frivolous, malicious, or failure to state a claim upon which relief may be granted." (ECF No. 15-2, Defs' Ex. E.) The court determined that leave to amend would be futile and noted that the dismissal constituted a "strike" under § 1915(g). (Id.) In opposition, plaintiff notes that he has never been declared a vexatious litigant. (ECF No. 16 at 5.)

3. Young v. Soto, No. CV 13-1651 UA (AN) (C.D. Cal.), dismissed April 10, 2013 on the ground of failure to state a claim. (ECF No. 15-2, Defs' Ex. F.) The court determined that leave to amend would be futile and noted that the dismissal constituted a "strike" under § 1915(g). (Id.)

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  In opposition, plaintiff notes that the court advised him to pursue any claims challenging the
2  legality of his custody in a habeas petition, after exhausting state remedies.  (ECF No. 16 at 6.)
3      Defendants contend that plaintiff has incurred additional strikes; however, as the above
4  three cases constitute strikes, the court need not reach defendants' arguments as to other cases.
5  Plaintiff concedes that his complaint does not allege imminent danger.  (ECF No. 16 at 6.)
6      Based on the foregoing, the undersigned concludes that plaintiff is a "three strikes" inmate
7  under § 1915(g.).  Thus the undersigned will revoke plaintiff's IFP status and order him to pay the
8  filing fee or face dismissal of this action.
9      Accordingly, IT IS HEREBY ORDERED that:
10     1. Defendant's motion to revoke plaintiff's IFP status (ECF No. 15) is granted;
11     2. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);
12     3. The order directing the CDCR to make payments to the court from plaintiff's prison
13 trust account for payment of the filing fee for this action (ECF No. 6) is VACATED;
14     4. The Clerk of Court is directed to serve a copy of this order on:
15         (1) the Director of the CDCR; and
16         (2) the Financial Department, U.S. District Court, Eastern District of California,
17 Sacramento Division;
18     5. Plaintiff shall submit, within fourteen days from the date of this order, the $400.00
19 filing fee for this action; and
20     6. Plaintiff's failure to comply with this order will result in a recommendation that this
21 action be dismissed.
22 Dated: August 8, 2016

    _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

27 2 / youn2604.threestrikes.doc