8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANNY GEROME YOUNG,                    No.  2:15-cv-2604 GEB CKD P

12              Plaintiff,

13         v.                               ORDER

14    RODRIGUEZ, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Currently before the court is defendants' fully briefed motion for summary

19    judgment.  (ECF No. 29.)  For the reasons set forth below, the court will vacate the motion for

20    summary judgment and briefly re-open discovery.

21        In screening the first amended complaint, the court simply held that it stated a cognizable

22    claim and cited to the screening of the original complaint.  (ECF No. 10.)  The screening order for

23    the original complaint stated that plaintiff had "implicate[d] the free exercise clause."  (ECF No. 5

24    at 4.)  It appears that defendants have accordingly treated plaintiff's first amended complaint as

25    containing only a First Amendment claim.  (See ECF No. 29.)  However, the first amended

26    complaint also clearly implicated the Religious Land Use and Institutionalized Persons Act

27    (RLUIPA) and the Fourteenth Amendment because plaintiff explicitly invoked RLUIPA and

28    stated that he was treated differently from inmates of other religions who are permitted to wear

                                        1

their religious head coverings without special permission.  (ECF No. 9 at 3, 6-9.)  Neither of these claims is addressed in defendants' motion for summary judgment, which appears to seek dismissal of the entire case.  (ECF No. 29.)  Because the screening order did not make clear that plaintiff also had cognizable equal protection and RLUIPA[1] claims, the court will vacate the pending motion for summary judgment and briefly re-open discovery to allow additional discovery related to those claims.  Upon the close of discovery, the parties will have the opportunity to file dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion for summary judgment (ECF No. 29) is vacated.

2.  Discovery is re-opened and the parties may conduct discovery until **April 17, 2018**. Any motions necessary to compel discovery shall be filed by **April 17, 2018**.  All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **March 2, 2018**.  Responses to written discovery requests shall be due **thirty** days after the request is served.

3.  All pretrial motions, except motions to compel discovery, shall be filed on or before **August 24, 2018**.

Dated:  February 14, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:youn2604.vacate

---

[1]  The court notes that plaintiff's RLUIPA claim is likely moot since he has been transferred to another prison and the complaint appears to challenge how the policy was enforced at California Health Care Facility rather than the policy itself.  See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (RLUIPA does not authorize monetary damages against state officials in either their individual or official capacities (citing Sossamon v. Texas, 563 U.S. 277, 284-85 (2011); Wood v. Yordy, 753 F.3d 899, 903-04 (9th Cir. 2014)); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).