UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendant. | No. 2:15-cv-2604 KJM CKD P<br><br><br><br>AMENDED ORDER |

On February 28, 2018,[1] plaintiff filed a timely motion for reconsideration of the magistrate judge's order filed February 14, 2018, vacating defendants' motion for summary judgment and briefly re-opening discovery (ECF No. 43). (ECF No. 45.) Under Federal Rule of Civil Procedure 72(a) and Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."

The magistrate judge's February 14, 2018 order vacated the motion for summary judgment and re-opened discovery because it became apparent that the vagueness in the order screening the first amended complaint had led defendants to believe that only a First Amendment claim had been recognized as being cognizable when there were also cognizable Fourteenth Amendment and Religious Land Use and Institutionalized Persons Act claims. (ECF No. 43.)

---

[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

1

Plaintiff objects to that order on the ground that defendants are represented by counsel and therefore have no excuse for not recognizing the additional claims. (ECF No. 45.) However, it is the court's responsibility to notify defendants regarding which claims they must respond to, and the order screening the first amended complaint is reasonably interpreted as recognizing only a First Amendment claim.[2] *See* 28 U.S.C. § 1915A(a) (requiring the court to screen prisoner complaints against government employees); *see also* ECF No. 10 (summarily stating that the first amended complaint stated a cognizable claim and citing the screening of original complaint, which recognized only a First Amendment claim). Defendants cannot be faulted for their reliance upon the court's screening order, read reasonably. Therefore the magistrate judge's ruling was not clearly erroneous or contrary to law.

In his motion for reconsideration, plaintiff also requests appointment of counsel. (ECF No. 45 at 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

/////

---

[2] The court notes that the subsequent order revoking plaintiff's in forma pauperis status also identified only a First Amendment claim when summarizing the claims in the complaint. (ECF No. 18 at 1.)

2

1 | Plaintiff requests appointment of counsel on the ground that the motion for summary judgment has been vacated and that his last request was denied with leave to file another request if the summary-judgment motion was denied. (ECF No. 45 at 3.) Defendants' motion has not been denied and they will be given an opportunity to file another motion for summary judgment. Moreover, the court does not find the issues to be overly complex at this stage; to date, plaintiff has been able to successfully articulate his claims without the assistance of counsel. The motion for counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Upon reconsideration, the order of the magistrate judge filed February 14, 2018 (ECF No. 43) is affirmed.

2. Plaintiff's request for appointment of counsel is denied.

DATED: June 27, 2018.

_____
UNITED STATES DISTRICT JUDGE