UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:15-cv-2604 KJM CKD P<br><br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. (ECF No. 63.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel to assist him now that defendants' motion for summary judgment has been denied and asserts that he is not educated in examining witnesses or raising timely objections. (ECF No. 63.) Plaintiff has shown himself capable of articulating his claims without assistance, and it is not yet clear that this case will proceed to trial as it is currently scheduled for a settlement conference. Accordingly, plaintiff has failed to demonstrate the necessary extraordinary circumstances for appointment of counsel. In the event the settlement conference is not successful and this case is set for trial, plaintiff may renew his request for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 63) is denied.

Dated: August 21, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:youn2604.31