UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG, | No. 2:15-cv-2604 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 14, 2016, plaintiff filed a consent to magistrate judge jurisdiction (ECF No. 8), while defendants declined magistrate judge jurisdiction on June 1, 2017 (ECF No. 36). On December 23, 2019, defendants filed a consent to magistrate judge jurisdiction (ECF No. 71), ostensibly resulting in the consent by all parties to magistrate judge jurisdiction. However, plaintiff subsequently filed objections to defendants' consent, arguing that "28 U.S.C. Section 636(c) does not authorize counsel for the defendants to embark on a ship that has sailed, and Plaintiff opposes this untimely motion." (ECF No. 72 at 1.) He further argues that he does not believe that defendants are entitled to consent at this late stage and that "Plaintiff does not consent any [sic] any event."[1] (Id. at 2.)

---

[1] Plaintiff's pretrial statement also states that he "would concede to a trial by the District Judge in this matter." (ECF No. 73 at 2.)

1

It appears that plaintiff is either attempting to claim that his consent lapsed[2] or moving to withdraw his consent. In either event, whether plaintiff's consent remains valid is a question for the District Judge. Branch v. Umphenour, 936 F.3d 994, 1003 (9th Cir. 2019) ("[O]nly a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's objections to defendants' consent (ECF No. 72) are construed as a motion to find that plaintiff's consent has lapsed or to withdraw consent.

Dated: January 10, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:youn2604.consent

---

[2] In Branch v. Umphenour, plaintiff consented to magistrate judge jurisdiction, but defendants initially declined and did not consent to magistrate judge jurisdiction until over seven years after plaintiff had initially consented. 936 F.3d 994, 998, 1000 n.4 (9th Cir. 2019). The Ninth Circuit indicated the possibility that a party's consent could lapse if there is a significant passage of time between the party's initial consent and the consent of the other parties. Id. at 1000 n.4.