UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG, | No. 2:15-cv-02604-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendant. | |

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. *See generally* Compl., ECF No. 1. On January 14, 2016, plaintiff returned a signed form consenting to proceed before a United States Magistrate Judge. ECF No. 8. On June 1, 2017, defendants returned a form declining consent to proceed before a magistrate judge. ECF No. 36. Nearly two years of motion practice followed. *See* ECF Nos. 48 (defendants' summary judgment motion), 55 (magistrate judge's Findings & Recommendations), 58 (this court's order adopting magistrate judge's Findings and Recommendations). On November 13, 2019, the magistrate judge issued a scheduling order; she also closed discovery and motion practice, ordered the parties to provide pretrial statements, and set a date for a jury trial before this court. Further Scheduling Order, ECF No. 70, at 5. On December 23, 2019, defendants Gill, Rodriguez, Saephan and Lewis modified their position and filed a motion consenting to conduct all further proceedings in this case before a magistrate judge. ECF No. 71. On January 6, 2020, plaintiff filed a pro se motion objecting to

1

1  defendants' consent.  ECF No. 72.  Upon receipt of plaintiff's motion, the magistrate judge
2  construed plaintiff's motion as one to withdraw consent or a request to find his consent had
3  lapsed; the magistrate judge ultimately determined plaintiff's position regarding consent is a
4  question for this court to resolve.  *See* ECF No. 74 (citing *Branch v. Umphenour*, 936 F. 3d 994,
5  1003 (9th Cir. 2019)).  This court never issued an order referring the case to the magistrate judge
6  for all purposes.
7         On January 24, 2020, with plaintiff's agreement, this court appointed T. Kennedy
8  Helm, IV as counsel for plaintiff.  ECF No. 76.  On February 21, 2020, the court granted counsel
9  fourteen days to renew plaintiff's motion to withdraw consent.  ECF No. 77.  On March 4, 2020,
10  counsel filed a motion renewing plaintiff's previous motion to withdraw consent or requesting a
11  finding his consent has lapsed.  Mot., ECF No. 78.  Defendants did not file an opposition to this
12  renewed motion.
13         "[O]nly a district judge may rule on a motion to withdraw consent to the
14  jurisdiction of a magistrate judge."  *Branch*, 936 F.3d at 1003.  When a party "urges[s]….[the
15  district court] to find that his consent lapsed prior to defendants' acceptance" and significant time
16  has passed, a district court may find a party's initial consent has lapsed or approve the party's
17  withdrawal of consent.  *Id.* at 1000 n.4.  "The statutory scheme seems to contemplate a
18  contemporaneous or near-contemporaneous decision by the parties, not piecemeal acceptance
19  over the course of years of litigation."  *Id.*  (citing 28 U.S.C. § 636(c)(2) ("The decision of *the
20  parties* shall be communicated to the clerk of the court.") (emphasis added)).  If the parties have
21  not made a contemporaneous or near-contemporaneous decision regarding jurisdiction, plaintiff
22  need not demonstrate "good cause" or "extraordinary circumstances" when withdrawing consent
23  to magistrate judge jurisdiction.  Instead, the decision is "best left to the district court's
24  discretion."  *Gilmore v. Lockard,* 936 F.3d 857, 863 (9th Cir. 2019) (citations omitted).
25         Here, as in *Branch*, the parties did not make a contemporaneous or near-
26  contemporaneous decision to consent to magistrate judge jurisdiction.  The three years between
27  plaintiff's initial consent to jurisdiction in 2016 and the defendants' consent in 2019, after
28  defendants' initial declination of magistrate judge jurisdiction in 2017, far exceed the usual

1  timeline for parties' consenting to magistrate judge jurisdiction.  Moreover, because this court
2  never assigned the case to the magistrate judge for all purposes, including trial, plaintiff need not
3  demonstrate good cause or extraordinary circumstances to prevail on his withdrawal motion.  *See*
4  *Bowman v. Schwarzenegger*, No. CIV S–07–2164 FCD KJM, 2009 WL 799274 at *1 (Mar. 23,
5  2019 E.D. Cal.) ("Because this action has not yet been reassigned to the [magistrate judge] for all
6  purposes including trial, plaintiff may withdraw his consent without demonstrating good cause or
7  extraordinary circumstances."); *see also* Further Scheduling Order at 5 (November 13, 2019
8  scheduling order issued by magistrate judge setting trial confirmation hearing and jury trial before
9  this court).  Whether to grant plaintiff's motion to withdraw consent is thus within this court's
10 sound discretion.

11     Plaintiff's reasons for withdrawing consent satisfy the court for the following
12 reasons.  Defendants face no prejudice from the withdrawal of plaintiff's consent, because, as
13 plaintiff correctly highlights, defendants have to have assumed since at least June 2017 – and for
14 as long as they did not consent -- that the district judge would conduct any jury trial in this case.
15 *See* ECF Nos. 38, 44.  Moreover, the law provides that plaintiff has the right to withdraw consent
16 under the circumstances present here.  Plaintiff's renewed motion to withdraw consent, as well as
17 the totality of the record, do not indicate plaintiff's withdrawal is in bad faith.

18     As set forth above, the court GRANTS plaintiff's renewed motion to withdraw
19 consent, ECF No. 78, and therefore retains dispositive jurisdiction over plaintiff's action.

20     The court notes both parties filed pretrial statements with the magistrate judge;
21 plaintiff filed his statement prior to the appointment of counsel.  *See* ECF Nos. 73, 75.  Given that
22 counsel has been appointed for plaintiff, the court ORDERS the parties to meet and confer and
23 file an updated joint pretrial statement no later than five (5) days prior to the final pretrial
24 conference before this court on June 26, 2020.

25     IT IS SO ORDERED.
26 DATED:  June 17, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3